**FILED**
JAN 1 3 2016
DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:16CR009
18 U.S.C. § 1343

TYLER L. SMITH

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

At all times material to this Indictment:

1. TYLER L. SMITH, defendant, was a resident of the Northern District of Mississippi and practiced law in Oxford and Batesville, Mississippi and the surrounding area.

2. British Petroleum (hereinafter "BP") was in the process of receiving complaints and negotiating settlements related to the Deepwater Horizon oil spill that occurred in the Gulf of Mexico in 2010.

3. TYLER L. SMITH solicited numerous businesses and individuals in the Northern District of Mississippi regarding their potential claims against BP for damages suffered as a result of the Deepwater Horizon oil spill (hereinafter "BP Claims").

### THE SCHEME

4. From on or about June 7, 2012 until on or about June 12, 2014, in the Northern District of Mississippi, and elsewhere, TYLER L. SMITH, defendant, did devise and intend to devise a scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, that is, TYLER L. SMITH solicited and persuaded individuals to

loan him sums of money based on false material misrepresentations, including but not limited to, assigning lenders his rights to his alleged attorney's fees related to certain BP Claims and exaggerating the value of the attorney's fees and the BP Claims when in truth and in fact, the BP Claims presented by SMITH were fraudulently misrepresented in at least one of the following ways: the BP Claims did not exist; the BP Claims had not actually been filed; the BP Claims had been pledged as collateral for other similar loans unbeknownst to the potential lender.

The following were parts of the scheme:

5. TYLER L. SMITH approached individuals with a high net worth and solicited loans from these individuals, promising the individual lenders a high rate of return.

6. Typically, TYLER L. SMITH would defraud lenders by initially requesting smaller loans and paying the smaller loans back to the lender with a high rate of interest, enticing the lender to make SMITH more loans for larger amounts. After building the trust of the lenders, TYLER L. SMITH would induce lenders to make larger and larger loans, using the proceeds from one lender to pay off previous loans he induced from a different lender.

7. In order to induce the victims and lenders to provide him with larger sums of money, TYLER L. SMITH offered the lenders an assignment of his right to attorney's fees related to BP Claims and either misrepresented or exaggerated the value of his attorney's fees related to the alleged BP Claims.

8. TYLER L. SMITH also concealed from some lenders the fact that he had assigned the same right to his attorney's fees related to BP Claims to multiple other lenders for similar loans.

9. TYLER L. SMITH used false material misrepresentations to induce individuals to provide him with loans, including but not limited to, presenting victims and lenders with a list of

BP Claims and claiming that he had a valuable interest in the attorney's fees related to the BP Claims. The BP Claims on the list were fraudulently misrepresented in at least one of the following ways:

    (a)    the BP Claims did not exist;
    (b)    the BP Claims had not actually been filed;
    (c)    the BP Claims had been pledged as collateral for other similar loans, unbeknownst to the lender.

10.     TYLER L. SMITH did knowingly and intentionally fail to repay the total of the fraudulently obtained money. Thus, his false material misrepresentations caused financial harm to the lenders and victims of his scheme.

11.     In addition to other lenders and victims known and unknown to the Grand Jury, who are not named in the Indictment, TYLER L. SMITH used false material misrepresentations to induce the following individuals to provide him with loans on or about the dates listed and in the approximate amounts listed in the following chart:

| LENDER / VICTIM | DATE | AMOUNT OF LOAN |
|---|---|---|
| D.D. | 12/11/2012 | $100,000 |
| M.J.C. | 12/11/2012 | $230,000 |
| F.Y. | 07/19/2013 | $200,000 |
| R.G. | 11/26/2013 | $125,000 |
| R.G. | 12/04/2013 | $25,000 |

## USE OF THE WIRES

12. On or about July 19, 2013, in the Northern District of Mississippi, TYLER L. SMITH, defendant, for the purpose of executing and attempting to execute part of the aforesaid scheme to defraud, knowingly caused to be transmitted by means of wire, radio, and television communication in interstate commerce, a writing, sign, and signal; to wit, based on TYLER L. SMITH'S fraudulent material misrepresentations, F.Y initiated a wire transfer in the amount of $200,000 from his account at National Financial Services, LLC, also known as Fidelity Investments, into TYLER L. SMITH'S checking account at Renasant Bank with said wire being transmitted in interstate commerce.

All in violation of Title 18, United States Code, Section 1343.

**A TRUE BILL**

/s/ Signature Redacted
**FOREPERSON**

*Felicia C. Adam*
**UNITED STATES ATTORNEY**