IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:16CR009

TYLER L. SMITH

**PLEA AGREEMENT**

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. GUILTY PLEA: The defendant agrees to plead guilty under oath to Count One of the Indictment, which charges that TYLER L. SMITH, defendant, did devise and intend to devise a scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, that is, TYLER L. SMITH solicited and persuaded individuals to loan him sums of money based on false material misrepresentations and for the purpose of executing and attempting to execute part of the aforesaid scheme to defraud, knowingly caused to be transmitted by means of wire, radio, and television communication in interstate commerce, a writing, sign, and signal; to wit, based on TYLER L. SMITH'S fraudulent material misrepresentations, F.Y initiated a wire transfer in the amount of $200,000 from his account at National Financial Services, LLC, also known as Fidelity Investments, into TYLER L. SMITH'S checking account at Renasant Bank with said wire being transmitted in interstate commerce all in violation of Title 18, United States Code, Section 1343, which carries maximum possible penalties

of not more than 20 years imprisonment, not more than $250,000 fine, or both, not more than 3 years supervised release and a special assessment of $100.

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

3. RESTITUTION: The defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. § 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

4. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

5. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

6. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The

defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This, the 3rd day of May 2016.

_____
FELICIA C. ADAMS
United States Attorney
Mississippi Bar No. 1049

**AGREED AND CONSENTED TO:**

_____
TYLER D. SMITH
Defendant

**APPROVED:**

_____
M. SCOTT DAVIS
Attorney for Defendant
Mississippi Bar No. 103225